ORIGINAL                                                                                          ORIGINAL

Robert J. Beles Bar No. 41993
David Reagan Bar No. 275192
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorneys for *Defendant*
ALEX EYE BURSCH

# United States District Court
## Northern District of California
### Oakland Courthouse

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, vs. ALEX EYE BURSCH, *Defendant*. | No. **4:11-CR-00644-PJH-1**<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE<br><br>(F.R.Cr. P. 12(b)(3)(C) and 41(h))<br><br>Date:      Wednesday, March 28, 2012<br>Time:      2:30 pm<br>Courtroom: 3 - Hon. Phyllis J. Hamilton, Judge<br><br>*Speedy Trial Act Excludable Time: 18 U.S.C. 3161(h)(1)(F)* |

**MEMORANDUM IN SUPPORT OF MOTION
TO SUPPRESS EVIDENCE**

**1. Statement of Facts**

**a. August 30, 2010 search warrant**

On August 30, 2010, Contra Costa County Sheriff's Detective Shabazz applied for a search warrant for the search of defendant's residence for suspected child pornography. (The search warrant and affidavit are attached as Exhibit A to the accompanying declaration of counsel.)

In his supporting affidavit, Shabazz stated that Detective Ichige of the San Jose Police Department had been searching on the internet for individuals sharing child pornography and had found a suspect downloading files with suggestive titles. Shabazz related that Ichige had downloaded two videos from the suspect's computer, viewed them, and:

ORIGINAL                                                                                                ORIGINAL

> "determined that they both contained child pornography as defined in the California Penal Code, §311.11, a felony."

(affidavit, p. 1.) This is the only information presented in the affidavit concerning the content of the two videos Ichige allegedly downloaded from defendant's computer.

Shabazz further states that Detective Ichige obtained a search warrant from Santa Clara County Judge Tielh, served it on the internet service provider, and received evidence that the suspect was defendant, residing at 5018 Wagon Wheel Way, Antioch, CA 94509. Shabazz stated that defendant's internet account was created on September 6, 2008 and was still active on August 3, 2010. (affidavit, p. 2.)

In his statement of opinion, Shabazz stated that

> "Detective Ichige is a reliable source of information."

(affidavit, p. 2.)

Shabazz mentioned additional information in his affidavit about how Detective Ichige determined that the two videos were from defendant's computer, inclujding technical information on how one can determine that a particular computer file is a copy of another file. However, the affidavit did not attach any previous search warrant affidavit that might have described the videos in greater detail, let alone images from the videos themselves. There is nothing in the warrant or affidavit indicating that any additional material was attached to the affidavit. In fact the box in the warrant form for indicating "attachments" is unchecked.

The search warrant (M10-533) was issued on August 30, 2010 and served on September 1, 2010. The search resulted in the seizure of computers, a camera, and other items' (See Return to Warrant M10-533, attached as Exhibit "B" to counsel's declaration.)

2. Argument

**a. The search warrant affidavit completely lacked probable cause to believe that child pornography would be found in a search of defendant's residence.**

Shabazz's affidavit completely lacks any probable cause to search defendant's residence or to seize the property that was seized. The affidavit contains absolutely no description of the two videos that Ichige allegedly downloaded from defendant's computer. All the affidavit says is that Ichige determined the two videos were child pornography and that he is "reliable."

"The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556, 98 S. Ct. 1970; 56 L. Ed. 2d 525 (1978.) The search warrant affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983.)

In *United States v. Battershell*, 457 F.3d 1048, 1051 (9th Cir. 2006), the Ninth Circuit held that a warrant affidavit's description of an image of alleged child pornography as "a young female (8-10 YOA) naked in a bathtub" would be insufficient probable cause to support a search warrant. The Ninth Circuit relied on *United States v. Brunette*, 256 F.3d 14, 17 (1st Cir. 2001), which similarly held that alleged child pornography described simply as "a prepubescent boy lasciviously displaying his genitals" amounted to a "bare legal assertion, absent any descriptive support" and "without an independent review of the images" by the magistrate, there was insufficient probable cause to support the warrant. *Brunette* explained that the federal statute defining child pornography, 18 U.S.C. section 2256, required a visual image depicting "sexually explicit conduct", which can include "lascivious exhibition of the genitals or pubic area of any person." Determining whether a particular image depicts "sexually explicit conduct" requires consideration of several factors [1] and thus cannot ordinarily be determined "without either a look at the allegedly pornographic images, or at least an assessment based on a detailed, factual description of them." United States v. Brunette, 256 F.3d at 18, emphasis added, citing New York v. P. J. Video, Inc., 475 U.S. 868, 874 n. 5, 106 S. Ct. 1610, 89 L. Ed. 2d 871 (1986)

---

[1] *Brunette* relied on the six factors described in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom., *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987):

> "(1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive (i.e., a location generally associated with sexual activity); (3) whether the child is depicted in an unnatural pose or inappropriate attire considering her age; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or willingness to engage in sexual activity; and (6) whether the image is intended or designed to elicit a sexual response in the viewer."

*United States v. Brunette,* 256 F.3d at 18, fn. 4.

(holding that a search warrant for the seizure of obscenity must be supported by an affidavit "setting forth specific facts in order that the issuing magistrate may 'focus searchingly on the question of obscenity.'")

Here, there are no descriptions of the videos at all. There is only Shabazz's assurances that Detective Ichige said that the videos were "child pornography" and that Shabazz believed Ichige was "reliable."

A search warrant cannot be based simply upon the conclusions of the affiant that a crime has been committed and that contraband or evidence of a crime will probably be found during the search. Nearly eighty years ago, in *Nathanson v. United States*, 290 U.S. 41, 47, 54 S. Ct. 11; 78 L. Ed. 159 (1933) the United States Supreme Court decided that a search warrant affidavit in which the affiant simply stated that he "has cause to suspect and does believe" that illicitly smuggled alcohol was stored in defendant's warehouse was insufficient probable cause to support issuance of a search warrant. The Supreme Court held:

> "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor *from facts or circumstances presented to him under oath or affirmation*. Mere affirmance of belief or suspicion is not enough." (emphasis added.)

Following *Nathanson*, the Supreme Court has consistently held that the magistrate's "action cannot be a mere ratification of the bare conclusions of the officer [who is] engaged in the often competitive enterprise of ferreting out crime." Illinois v. Gates, 462 U.S. at 240, quoting *Johnson v. United States* (1948) 333 U.S. 10, 13-14. Accord, *Aguilar v. Texas*, 378 U.S. 108 at 113, 84 S. Ct. 1509 at 1513, 12 L. Ed. 2d 723 (1964), (same quotation from *Johnson v. United States*), citing *Giordenello v. United States*, 357 U.S. 480, 486 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958), *Whiteley v. Warden*, 401 U.S. 560, 564-565, 91 S. Ct. 1031 28 L. Ed. 2d 306 (1971), *United States v. Leon*, 468 U.S. 897, 915, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), citing Aguilar, *Giordenello*, and *Nathanson*. As explained in *United States v. Brunette*, 256 F.3d at 18:

> "The district court excused the absence of descriptive evidence by relying on Agent Jereski's representation that the images were pornographic, finding that his training and experience qualified him to determine they met the statutory definition. But probable cause to issue a warrant must be assessed by a judicial

officer, not an investigating agent. See *Gates*, 462 U.S. at 239 ('Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.'); see also [*United States v.*] Vigeant, 176 F.3d [565] at 571 [(1st Cir. 1999)] ('Unsupported conclusions [of an officer] are not entitled to any weight in the probable cause determination.'). This judicial determination is particularly important in child pornography cases, where the existence of criminal conduct often depends solely on the nature of the pictures."

"It is well established that, in reviewing a search warrant, we are 'limited to the information and circumstances contained within the four corners of the underlying affidavit.' *Millender v. County of Los Angeles*, 620 F.3d 1016, 1029 (9th Cir. 2010), quoting *Crowe v. County of San Diego*, 593 F.3d 841, 869 (9th Cir. 2010), and citing *United States v. Gourde*, 440 F.3d 1065, 1067 (9th Cir. 2006) (*en banc*). Accord, *United States v. Thai Tung Luong*, 470 F.3d 898, 904-905 (9th Cir. 2006) ("probable cause 'for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath."), quoting *United States v. Gourde*, 440 F.3d at 1067 (9th Cir. 2006) and *United States v. Anderson*, 453 F.2d 174, 175 (9th Cir. 1971), *United States v. Holzman*, 871 F.2d 1496, 1510 (9'h Cir. 1989), quoting United States v. Anderson, 453 F.2d at 175 and citing *United States v. Stanert*, 762 F.2d 775, 778, amended on other grounds, 769 F.2d 1410 (9th Cir. 1985), *United States v. Taylor*, 716 F.2d 701 (9th Cir. 1983), *United States v. Rubio*, 727 F.2d 786, 795 (9th Cir.1983), *United States v. Martinez*, 588 F.2d 1227, 1234 (9th Cir.1978), *United States v. Bailey*, 458 F.2d 408, 412 (9th Cir. 1972).

"It is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention." *Aguilar v. Texas*, 378 U.S. at at 109, n. 1, citing *Giordenello v. United States*, 357 U.S. at 486 (emphasis in original); accord, *United States v. Jacobsen*, 466 U.S. 109, 112 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984), quoting *Aguilar, id.*

"Information known to the affiant which is not presented to the issuing officer is irrelevant to a determination of probable cause." *United States v. Anderson*, 453 F.2d at 176, citing *Durham v. United States*, 403 F.2d 190, 194, n. 5 (9th Cir. 1968), *Whiteley v. Warden*, 401 U.S. 560, 565,1 S. Ct. 103,; 28 L. Ed. 2d 306 (1971) ("an otherwise insufficient affidavit cannot

be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate.... A contrary rule would, of course, render the warrant requirements of the Fourth Amendment meaningless."), citing *Aguilar v. Texas*, 378 U.S. at 109 n. 1.

Here, the warrant simply offered Ichige's conclusions that the videos he downloaded were "child pornography" and provided no details for the magistrate to review concerning these videos. As discussed above, this was a classically inadequate "bare bones" affidavit that showed no probable cause for issuance of the warrant.

### b. The warrant cannot be saved by the good faith exception of *United States v. Leon*.

In *Beck v. Ohio*, 379 U.S. 89, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964),

> "the Court concluded that 'the record ... does not contain a single objective fact to support a belief by the officers that the petitioner was engaged in criminal activity at the time they arrested him.' Id., at 95. Although the Court was willing to assume that the arresting officers acted in good faith, it concluded:
>
>> '[Good] faith on the part of the arresting officers is not enough.' *Henry v. United States*, 361 U.S. 98, 102. If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be '"secure in their persons, houses, papers, and effects," only in the discretion of the police.' *Id*., at 97."

*United States v. Leon*, 468 U.S. 897 at 915 (1984). *Leon* held that a warrant that is "a mere ratification of the bare conclusions of others" lacks probable cause to such an extent that it cannot be saved by any "good faith" rule. *Leon, id*, citing *Aguilar, Giordenello*, and *Nathanson*.

The standard of "good faith" "requires an officer to have a reasonable knowledge of what the law prohibits." *United States v.* Leon, 486 U.S. at 919-920, fn. 20. *Nathanson*'s ruling that probable cause to support a warrant cannot be based simply on the conclusions of a reliable officer that a crime has been committed has been the law for nearly eighty years. Furthermore, the "objective reasonableness" of the officer required to show good faith must be judged as of the time the warrant is sought and without consideration of the fact that the magistrate accepted the affidavit. *Malley v. Briggs*, 475 U.S. 335, 344, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986.) In *Malley*, the Supreme Court held that "objective reasonableness" requires a determination of:

"whether a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. If such was the case, the officer's application for a warrant was not objectively reasonable, because it created the unnecessary danger of an unlawful arrest. It is true that in an ideal system an unreasonable request for a warrant would be harmless, because no judge would approve it. But ours is not an ideal system, and it is possible that a magistrate, working under docket pressures, will fail to perform as a magistrate should. We find it reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment."

*Malley v. Briggs*, 475 U.S. at pp. 345-346. In addition, a reasonably well trained officer would have known that a warrant affidavit for child pornography that simply asserted that child pornography was found, without more, would not support a showing of probable cause, based on *Brunette* and *Battershell*.

The affidavit suggests that Shabazz simply accepted Ichige's conclusion that the videos were "child pornography" and had no other knowledge of what the videos depicted. However, even Shabazz had known what the videos depicted, he did not put this information in the affidavit. The affiant's knowledge of additional information not contained in the warrant is "irrelevant to the determination of whether officers relied in good faith on a deficient affidavit in executing the warrant." *United States v. Hove*, 848 F.2d 137, 140 (9th Cir. 1988), citing *United States v. Leon*, 468 U.S. 897, 915, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), *United States v. Thai Tung Luong*, 470 F.3d at 905.

The warrant presents no evidence of personal knowledge and no description of the videos. It states a bare conclusion that the videos contain child pornography. No reasonable officer would believe that an affidavit based on this bare conclusion – a "bare bones" affidavit -- without more, would satisfy the requirements of probable cause.

Dated: Oakland, California, Monday, February 13, 2012.

*Robert J. Beles* (signature)

**Robert J. Beles**
Attorney for *Defendant* ALEX EYE BURSCH