ORIGINAL                                                                                                          ORIGINAL

Robert J. Beles Bar No. 41993
David Reagan Bar No. 275192
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorneys for *Defendant*
ALEX EYE BURSCH

# United States District Court
## Northern District of California
### Oakland Courthouse

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, vs. ALEX EYE BURSCH, *Defendant*. | No. **4:11-CR-00644-PJH** <br><br> SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE <br><br> (F.R.Cr. P. 12(b)(3)(C) and 41(h)) <br><br> Date:  Wednesday, March 28, 2012 <br> Time:  2:30 pm <br> Courtroom: 3 - Hon. Phyllis J. Hamilton, Judge <br><br> *Speedy Trial Act Excludable Time: 18 U.S.C. 3161(h)(1)(F)* |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

Upon reviewing the warrant and affidavit further, the defense has noticed two additional problems with the affidavit.

**1. Detective Shabazz signed a search warrant affidavit actually prepared by Detective Mathers, who did not sign the affidavit.**

Page 1 of the search warrant affidavit (Exhibit "A" to counsel's declaration) states that "Detective David Mathers and Detective Xavier Shabazz, being duly sworn, deposes and says that there is probable cause to believe" that certain evidence of a crime will be found at 5016 Wagon Wheel Way, Antioch, California. However, only *one individual* actually signed the affidavit. In comparing the signature on the affidavit with the signature on the return to the warrant, (Exhibit "B" to counsel's declaration), it is clear that it was Detective Shabazz who

signed the affidavit. In the additional facts attached to the warrant affidavit, Detective Shabazz indicates that an earlier warrant was issued by Judge Arnason but Shabazz was unable to serve it within ten days of its issuance, so he is requesting that the warrant be reissued. Thus, it appears clear that it was Shabazz who presented the warrant application and affidavit to the magistrate who issued the warrant, Judge Laittner.

However, the narrative statement of probable cause was prepared by Detective Mathers and not Detective Shabazz. Detective Mathers states that he is the affiant and refers to "additional attached expertise and statements" of Detective Shabazz, suggesting that the only things Shabazz prepared was these attached documents. The narrative statement of probable cause and opinion states at the bottom of each page that it is of Detective Mathers. No part of the narrative statement of probable cause indicates that any portion of the information was supplied by Detective Shabazz.

In the initial memorandum, defendant stated that Detective Shabazz signed the affidavit and discussed the affidavit as if it was Shabazz's affidavit. However, upon closer examination of the affidavit, it appears that Shabazz has sworn to someone else's narrative statement of probable cause. The person who actually prepared the narrative statement of probable cause, Mathers, *did not sign the affidavit and thus did not swear to it under oath.*

California Penal Code section 1525 provides:

"A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person to be searched or searched for, and particularly describing the property, thing, or things and the place to be searched."

Section 1525, of course, paraphrases the Fourth Amendment itself, which provides:

". . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Thus, the requirement that a warrant be supported by probable cause, supported by oath or affirmation, is part of federal constitutional law itself. As the Supreme Court held in *United States v. Nathanson*, 290 U.S. 41, 47, 54 S. Ct. 11, 78 L. Ed. 159 (1933) probable cause to support issuance of a warrant must be based on "facts or circumstances presented to [the

magistrate] under oath or affirmation. Mere affirmance of belief or suspicion is not enough."

California Penal Code section 1526(a) requires the magistrate, before issuing the warrant, to either "examine on oath the person seeking the warrant" or to "take his or her affidavit or their affidavits in writing, and cause the affidavit or affidavits to be subscribed by the party or parties making them." California Penal Code section 1526(b)(2)(B) requires the magistrate to "verify that . . . the affiant's signature, digital signature, or electronic signature is acknowledged as genuine." California Penal Code section 1527 provides that the affidavit in support of the search warrant "must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist."

Code of Civil Procedure section 516.030 provides that an "affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts stated therein." Evidence Code section 702(a) makes a statement of any witness inadmissible "unless he has personal knowledge of the matter."

Detective Shabazz could not sign an affidavit under oath that was actually prepared by Detective Mathers based on Mathers' own investigation. The narrative statement of probable cause was clearly prepared by Mathers, not Shabazz. The magistrate could not have sworn Detective Mathers as a witness since Mathers did not sign the affidavit and apparently was not present to do so. Nor could the magistrate issue a search warrant based on an unsigned and thus unsubscribed "affidavit", as Penal Code section 1526(a) requires the magistrate to "cause the affidavit or affidavits to be subscribed by the party or parties making them." The magistrate could not allow Shabazz to sign Detective Mathers' affidavit, as Shabazz's signature would not be a "genuine" signature of Mathers under Penal Code section 1526(b)(2)(B) and would not be a substitute for testimony that Shabazz could competently give, as required by Code of Civil Procedure section 516.030. As Penal Code sections 1525 and 1526(a) forbid a magistrate to issue a search warrant unless the warrant is supported by an affidavit or affidavits setting forth probable cause, the search warrant here was unlawfully issued. It was not supported by a lawful affidavit, since the person who signed the affidavit was someone other than the affiant. As *United States v. Nathanson*, 290 U.S. at 47 required, the probable cause must be based on "oath or

Supplemental Memorandum in Support of Motion to Suppress Evidence

affirmation", which Shabazz could not have provided of Mathers' affidavit, not "mere affirmance of belief."

### 2. The affidavit did not provide any probable cause to believe that any evidence of a crime would be found at the place sought to be searched.

The search warrant seeks authorization to search a house located at "*5016* Wagon Wheel Way, Antioch, CA. The cover page of the search warrant affidavit also lists the premises to be searched as "*5016* Wagon Wheel Way, Antioch, CA." However, Mathers' "narrative statement of probable cause" provides only information relating to "*5018* Wagon Wheel Way, Antioch, CA." (emphasis added.)

On page 1 of the narrative statement of probable cause, the affiant, Detective Mathers describes how another detective, Ichige, downloaded what Ichige believed was child pornography from defendant's computer over the internet. On page 2, Mathers states that Ichige obtained customer records from defendant's internet provider that indicated that defendant's address was "*5018* Wagon Wheel Way, Antioch, CA 94509." (emphasis added) Shabazz also states that he reviewed DMV and police records listing "this location" (i.e., 5018 Wagon Wheel Way) as defendant's residence. Mathers also states that he "checked with another public records database" and found that the records were "consistent with the law enforcement and Department of Motor Vehicle's records." Mathers then states:

> "It is my opinion that BURSCH lives at *5018* Wagon Wheel Way, Antioch. He provided that address to numerous government sources. He lists it on his documentation, and he uses it for internet services." (emphasis added.)

Thus, all of the purported probable cause supporting the warrant indicates that defendant resided at *5018* Wagon Wheel Way. There is no information in the narrative statement of probable cause showing how Mathers determined that the address to be searched was actually *5016* Wagon Wheel Way. Defendant in fact resided at all times at 5016 Wagon Wheel Way, Antioch, CA *94531*.[1] This is the place that was actually searched, and the place where the evidence defendant seeks to suppress was found.

"[T]he role of the magistrate is to determine whether, 'given all the circumstances set

---

[1] The zip code of "94509" provided in the narrative statement of probable cause was also incorrect.

ORIGINAL                                                                                                                ORIGINAL

forth in the affidavit before [her] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994), quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). "The facts presented 'must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued.'" *Greenstreet, id.*, quoting *United States v. Greany*, 929 F.2d 523, 524-25 (9th Cir. 1991.) "Probable cause to arrest concerns the guilt of the arrestee, whereas probable cause to search an item concerns the connection of the items sought with the crime and the present location of the items." *Millender v. County of Los Angeles*, 620 F.3d 1016, 1029 n.6 (9th Cir. 2010) (en banc).

Mathers included no information in the narrative statement of probable cause indicating that any evidence of child pornography would be found at the address to be searched, 5016 Wagon Wheel Way. While the warrant affidavit contained "bare-bones" conclusory information that defendant might be in possession of child pornography, it provided absolutely no information associating defendant with 5016 Wagon Wheel Way, Antioch, California. *Millender v. County of Los Angeles*, 620 F.3d at 1029 n.6.

As the warrant contained absolutely no information that any child pornography would be found at 5016 Wagon Wheel Way, this warrant cannot be saved under the good faith rule. *Greenstreet v. County of San Bernardino*, 41 F.3d at 1310, citing *Malley v. Briggs*, 475 U.S. 335, 345, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986).

### 3. Conclusion

As pointed out in the initial memorandum, Mathers' narrative statement of probable cause did not in fact contain any probable cause to believe that any child pornography was located on defendant's computer. All it presented was a conclusion that detective Ichige had downloaded child pornography from defendant's computer. This bare bones statement did not meet the requirements of probable cause.

It now appears that Detective Mathers listed the wrong address in the statement of probable cause and did not provide any information indicating that any evidence of a crime

would be found at defendant's actual address.

And as a final blow, Mathers didn't even sign his affidavit. Instead, Mathers' affidavit was signed by another detective, Shabazz.

Under the circumstances, this court should quash the warrant and suppress the evidence seized from defendant's residence.

Dated: Oakland, California, Wednesday, February 15, 2012.

*[signature: Robert J. Beles]*

**Robert J. Beles**
Attorney for *Defendant Alex Eye Burch*