ORIGINAL                                                                                          ORIGINAL

Robert J. Beles Bar No. 41993
David Reagan Bar No. 275192
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorneys for *Defendant*
ALEX EYE BURSCH

#### United States District Court
#### Northern District of California
#### Oakland Courthouse

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br>vs.<br><br>ALEX EYE BURSCH,<br><br>    *Defendant.* | No. **4:11-CR-00644-PJH-1**<br><br>MEMORANDUM IN SUPPORT OF MOTION TO TRAVERSE SEARCH WARRANT AFFIDAVIT AND SUPPRESS EVIDENCE<br><br>*Franks v. Delaware*, 438 U.S. 154 (1978)<br>(F.R.Cr. P. 12(b)(3)(C) and 41(h))<br><br>Date:       Wednesday, May 16, 2012<br>Time:       2:30 pm<br>Courtroom:  3, Hon Phyllis J. Hamilton, Judge<br><br>*Speedy Trial Act Excludable Time: 18 U.S.C. 3161(h)(1)(F)* |

### MEMORANDUM IN SUPPORT OF MOTION
### TO TRAVERSE SEARCH WARRANT AFFIDAVIT

Defendant previously brought a suppression motion challenging the search warrant affidavit on its face. That motion was denied. This motion raises an issue not previously raised, whether the search warrant affidavit contained false statements.

#### 1. Swearing to facts the affiant knew nothing about.

At the beginning of the search warrant affidavit (Exhibit A to accompanying declaration), Detective Shabazz makes the following statement:

> "On the basis of his/her personal knowledge and on the basis of other information contained in the attachments hereto, Detective David Mathers and Detective Xavier Shabazz being duly sworn, deposes and says that there is probable cause to believe the property and/or thing(s) and/or person(s) described herein may be found at the location(s) set forth and that the following provisions of California Penal Code Section 1524 are applicable: (affidavit then describes that evidence of various crimes will be found."

1

On page 2 of the affidavit, Detective Shabazz concludes:

> "I/we have reasonable cause to believe that grounds exist for the issuance of a search warrant based on the content of this affidavit which includes the above-referenced attachments, and pray that a search warrant be issued.
>
> I/we certify (or declare) under penalty of perjury under the laws of the State of California that the information in this Affidavit is true and correct:"

These statements contain at least two false statements. First, Shabazz states that Detective Mathers was sworn and made sworn statements when, in fact, Detective Mathers did not do so. Second, Detective Shabazz stated that the information in the affidavit, including Mathers' narrative statement of probable cause, was true and correct, when Shabazz had no personal knowledge of whether the content of the narrative statement was true and correct. The narrative statement, by its own language, states that it was prepared by Detective Mathers and does not mention any participation by Detective Shabazz in Detective Mathers' investigation.

Third, the search warrant, which was drafted by either Shabazz or Mathers, recites:

> "PROOF by affidavit having been made before me this day by Detective David Mathers and Detective Xavier Shabazz that there is probable cause . . ."

This is also a false statement, since the proof was not supplied by any affidavit of Mathers, but only by an affidavit of Shabazz.

Fourth, in his attached supplement, Shabazz stated:

> "On August 4, 2010, this search warrant was signed by Judge Arnason."

This statement is false because what Judge Arneson signed was not the same search warrant. The search warrant signed by Judge Arneson was actually supported by an affidavit of Mathers since Mathers signed that affidavit. (Exhibit B, accompanying declaration.) The affidavit presented to the magistrate here was not supported by an affidavit of Mathers. Shabazz' statement makes it appear that Judge Arnason issued the warrant even though only Shabazz had signed the affidavit.

### 2. The false statements in the warrant must be excised under Franks.

An affiant may not include materially false information in a search warrant affidavit. *Franks v. Delaware*, 438 U.S. 154 at 163-164 (1978), *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992.) Furthermore, the "police cannot insulate one officer's deliberate

misstatements merely by relaying it through an officer-affiant personally ignorant of its falsity." *Franks v. Delaware*, 438 U.S. at 164, *United States v. DeLeon*, 979 F.2d at 764. Thus, even if the affiant correctly states that he received certain information from another officer and presents reasons for thinking the other officer reliable, *Franks* will still apply if the information the affiant received from the other officer contains false statements.

A court reviewing an affidavit that contains misstatements

> ". . . should set the affidavit's false assertions to one side and then determine whether the affidavit's remaining content is still sufficient to establish probable cause. If the affidavit is not sufficient, the warrant must be voided and the fruits of the warrant suppressed."

*United States v. Ippolito*, 774 F.2d 1482, 1485 (9th Cir. 1985), citing *Franks*, 438 U.S. at 156, accord, *United States v. Staves*, 383 F.3d 977, 982 (9th Cir. 2004.)

Shabazz falsely stated that Mathers was swearing to the search warrant affidavit. The falsity of this statement would have been obvious to the magistrate because Mathers wasn't present and didn't sign the affidavit.

Shabazz also falsely swore to the narrative statement of probable cause because he had no basis for believing that the facts contained in it were true. Based on the narrative statement itself, Shabazz did not participate in Mather's investigation and would not have had any personal knowledge of Mathers' investigation. This would have to be an intentionally false statement since Shabazz would have to know whether he personally participated in Mathers' investigation and had personal knowledge of it.

The magistrate must have overlooked these false statements since the only alternative is that the magistrate issued the search warrant knowing that the supporting affidavit contained false statements. That the magistrate overlooked the obvious suggests that the magistrate "abandoned his judicial role" as the neutral reviewer of the warrant and affidavit. *United States v. Leon*, 468 U.S. 897, 923, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).

Shabazz' statement that a previous judge had signed the same warrant was also intentionally false because the earlier warrant was supported by affidavits by both Mathers and Shabazz and thus not the same warrant. This statement would not have been obviously false to

the magistrate because the previous warrant and affidavit was not attached or incorporated by reference. It would have lead the magistrate to believe that it was permissible for only one of the detectives to sign the warrant affidavit because another judge had issued the same warrant under the same circumstances.

If the false statements are excised from the affidavit, the court would have to remove any reference that Mathers swore to the narrative statement of probable cause, any statement that Shabazz had any personal knowledge of what was contained in Mathers' narrative statement of probable cause, and any reference to a previous judge having signed the same search warrant. The affidavit would then simply be one by Shabazz, supported by an unsworn narrative statement of probable cause. The magistrate would then be presented with an obviously unsworn statement of probable cause, on which the magistrate could not have relied, *see United States v. Thai Tung Luong*, 470 F.3d 898, 903 (9th Cir. 2006). There would then be no probable cause to support the search warrant.

### 4. The good faith rule does not apply to affidavits containing materially false statements.

The good faith rule does not apply to search warrant affidavits containing materially false statements. *United States v. Leon*, 468 U.S. 897, 914, 923 (1984), *United States v. Mendonsa*, 989 F.2d 366, 369 (9th Cir. 1993).

Dated: Oakland, California, Wednesday, April 17, 2012.

---
**Robert J. Beles**
Attorney for *Defendant ALEX EYE BURSCH*