MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail:  owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEX EYE BURSCH, ) <br> ) <br>    Defendant. ) <br> ) | No. CR 11-0644 PJH <br><br> THE UNITED STATES' OPPOSITION TO DEFENDANT'S SECOND MOTION TO SUPPRESS EVIDENCE <br><br> Date: May 16, 2012 <br> Time: 2:30 pm <br> Court:  Hon. Phyllis J. Hamilton |

**INTRODUCTION**

The Court should deny defendant Alex Eye Bursch's second motion to suppress because he has failed to make the substantial preliminary showing that false or misleading statements were deliberately or recklessly included in a search warrant affidavit that were necessary to the magistrate's finding of probable cause.  Bursch's motion is based on essentially the same allegation that he made in his first motion, which the Court denied: that a search warrant affidavit previously signed by two law enforcement officers misled a magistrate when it was resubmitted under only one of the law enforcement officer's signatures.  The Court should again reject this claim as a basis for invalidating the warrant and suppressing the fruits of the subsequent search.

# STATEMENT OF FACTS

The relevant facts were set forth in the United States' opposition to Bursch's previous motion; only the facts relevant to his second motion are restated here. The cited declarations and exhibits are those that were filed in opposition to the previous motion.

Bursch came to the attention of law enforcement on May 29, 2010, when San Jose Police Detective Daniel Ichige, a member of the San Jose Internet Crimes Against Children Task Force, joined a peer-to-peer file-sharing network in an undercover capacity to search for individuals sharing child pornography online. Ichige Declaration, Exhibit 1, at ¶9. Peer-to-peer file-sharing software allows computer users to share and download digital files directly from the computers of other peer-to-peer users, as long as both computer users are connected to the filesharing network. *Id*. at ¶7-8. Detective Ichige used this software to search for files with names indicative of child pornography, and found a file with the following title: "jailbait - 12chan-stickam-hairbrush-mast-ohjosh-anal-moaning-innocent-face.avi," which depicted a naked 12- to 15-year-old girl masturbating with a hairbrush. *Id.* Detective Ichige downloaded the file and determined that it came from a computer using the IP address 99.173.27.152, that this IP address was registered to SBC Internet Services, and that the subscriber using the IP address was Alex Bursch, at 5016 Wagon Wheel Way, Antioch, California, 94509. *Id*. at ¶12-13. Detective Ichige forwarded this information to the Martinez Police Department. Beles Decl., Exhibit A.

Detective Mathers of the Martinez Police Department used this information to obtain a search warrant for the 5016 Wagon Wheel Way address. Martikan Decl., Exhibit 1. The initial search warrant affidavit for Bursch's house was signed by both Detective Mathers and Detective Shabazz of the Contra Costa County Sheriff's Office. *Id*. at 4. When the search warrant issued pursuant to this affidavit expired before it was served, Detective Shabazz prepared a supplemental declaration and resubmitted the search warrant application under his own signature. Beles Decl., Exhibit A.

As a supplement to the resubmitted search warrant affidavit, Detective Shabazz added in an affidavit that a magistrate had signed the previous search warrant affidavit, sworn to by Detectives Mathers and Shabazz. Beles Decl., Exhibit A, page 9. Shabazz also swore that he

USA OPP. TO 2nd MOT'N TO SUPPRESS
Case No. CR 11-0644 PJH         2

1  was unable to execute the search warrant within ten days due to the press of other cases, and
2  asked that the search warrant be reissued. *Id*. The body of the search warrant affidavit, which is
3  identical to the previously submitted affidavit, refers to Detective Shabazz as the "co-affiant" on
4  the warrant. *Id*., page 5. The affidavit to the search warrant makes clear that the speaker in the
5  affidavit is Detective Mathers. *Id*.

6        The search warrant was executed at Alex Bursch's residence at 5016 Wagon Wheel Way
7  in Antioch on September 1, 2010, leading to the discovery of the child pornography evidence that
8  is the basis for the currently pending charges.

## ARGUMENT AND AUTHORITIES

### I.   THE BURDEN OF PROOF

      A magistrate's determination of probable cause should be paid "great deference" by reviewing courts. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011). If a case is a close call, "preference will be accorded to [a] warrant[ ] and to the decision of the magistrate issuing it." *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing Court is simply to ensure that the magistrate has a substantial basis for . . . conclud[ing] that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). In short, the Ninth Circuit has held that probable cause means "fair probability," not certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (*en banc*). A magistrate's finding of probable cause is reviewed for clear error. *Krupa*, 658 F.3d at 1177.

      A defendant who seeks a *Franks* hearing must make a "substantial preliminary showing that false or misleading statements were (1) deliberately or recklessly included in an affidavit submitted in support of a search warrant; and (2) were necessary to the finding of probable cause." *United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011).

## II. BURSCH HAS FAILED TO SHOW THAT HE IS ENTITLED TO A *FRANKS* HEARING.

Bursch has not made the preliminary substantial showing of a deliberate or reckless false statement in the search warrant affidavit that was necessary to the finding of probable cause. His motion is based in its entirety on the fact that Detective Shabazz swore to the same search warrant affidavit that both Detectives Shabazz and Mathers had previously sworn to. Bursch Memorandum at 1-2. But this circumstance does not amount to a deliberate or reckless false statement, and it was abundantly clear to the magistrate who signed the warrant.

The search warrant affidavit was originally drafted to be sworn by both Detectives Shabazz and Mathers, and in fact both detectives did swear out the affidavit when it was originally submitted. Martikan Decl., Exhibit 1 at 4. It was not necessary for both detectives to swear out the affidavit, since an affiant to a search warrant can swear to hearsay information provided to the affiant by other law enforcement officers or sources. *United States v. One 56-Foot Yacht Named Tahuna*, 702 F.2d 1276, 1283-84 (9th Cir.1983) (citing *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)).

There are no misstatements in the resubmitted search warrant affidavit. When Detective Shabazz resubmitted the search warrant affidavit, he included an addendum stating that the resubmitted affidavit was previously signed by another magistrate. This was a true statement. Martikan Decl., Exhibit 1. It is clear to anyone who reads the affidavit that the speaker is Detective Mathers, and that Detective Shabazz was a co-affiant. Beles Decl., Exhibit A, page 5. Thus, if they are co-affiants equally capable to swearing to the same facts, then the fact that Detective Shabazz swore to the second affidavit while both detectives swore to the first affidavit is of no moment. Only the most determined blindness to the wording of the affidavit and the addendum could support Bursch's claim that it contains deliberate or reckless false statements.

In any event, the purpose of *Franks* is not to challenge innocent mistakes or negligence in search warrant affidavits. *United States v. Collins*, 61 F.3d 1379, 1384 (9th Cir. 1995). Perhaps Detective Shabazz could have re-worded the affidavit more carefully, but it is nevertheless clear that he was a co-affiant to the original affidavit, and is thus swearing to all of the facts stated

therein, including those originally narrated by Detective Mathers.  And it is equally clear that Detective Mathers is the narrator in the affidavit, and that Detective Shabazz is resubmitting it because the original search warrant expired.

Bursch has not even asked for a *Franks* hearing, but the Court can comfortably conclude that he has not met the burden to request one, and that there is no *Franks* violation here.

## CONCLUSION

For the reasons stated above, the Court should reject Bursch's argument and deny his motion in its entirety.

DATED: May 2, 2012                                          Respectfully submitted,

                                                            MELINDA HAAG
                                                            United States Attorney

                                                                    /s/
                                                            _____
                                                            OWEN P. MARTIKAN
                                                            Assistant United States Attorney