MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR11-0644 PJH |
|     Plaintiff, ) ) | THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR BOND PENDING SENTENCING |
|     v. ) ) | |
| ALEX EYE BURSCH, ) ) | Date: Wednesday, June 27, 2012 Time: 1:30pm |
|     Defendant. ) ) | |

**INTRODUCTION**

Defendant Alex Eye Bursch intends to plead guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), on June 27, 2012.  Bursch's conviction of this crime requires that he be remanded into custody pending sentencing, unless the Court finds "exceptional reasons" why such detention would be inappropriate.  Bursch has failed to make this showing.  Bursch has had almost two years since his August 2010 arrest to attend therapy sessions; whether he can do so for an additional three months is of no moment.  He is a long-term offender who has admitted to a decade-long interest in child pornography, and who chose to become an elementary school teacher and children's swim coach while trading child

pornography. The Court should deny Bursch's motion for release pending sentencing.

## STATEMENT OF FACTS

Defendant Alex Bursch came to the attention of law enforcement when a police officer, acting in an undercover capacity, discovered that a computer using Bursch's internet connection was sharing child pornography images via peer-to-peer file-sharing software.[1] This discovery served as the basis for a search warrant of Bursch's home, which uncovered computers containing more than three thousand child pornography images, and approximately 150 child pornography videos, including videos of adult men raping toddlers. Bursch's computers also contained 995 stories describing, in graphic detail, the sexual molestation of children.

When police executed the search warrant at Bursch's home, Bursch was at his job as an elementary school teacher in Pittsburg, California. Bursch was also a children's swim coach, and police officers found non-pornographic swim team pictures of children in bathing suits among his collection of child pornography.

While searching Bursch's home, police officers found a canvas gym bag with "Coach Alex" embroidered on the outside. Inside the bag police officers found a black "Zorro"-type mask and a roll of duct tape.

Bursch agreed to an interview with police, and after waiving his Miranda rights told police that he had been collecting child pornography via peer-to-peer networks since age 14, and that he was disgusted by his own sexual attraction to children on the swim team that he coached. Bursch denied ever molesting or attempting to molest a child.

Bursch has been on pre-trial release since shortly after his arrest on August 4, 2010.

---

[1] The facts stated herein are proffered based on search warrant affidavits, police reports, and interviews conducted during the investigation of this case. The Ninth Circuit has upheld the use of proffered facts in the context of motions relating to release or detention. *E.g.*, *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986).

## ARGUMENT AND AUTHORITIES

**I.   BURSCH BEARS THE BURDEN OF SHOWING EXCEPTIONAL REASONS SUPPORTING HIS RELEASE PENDING SENTENCING.**

A criminal defendant's detention or release pending trial, sentencing, and appeal is generally governed by the Bail Reform Act, at 18 U.S.C. § 3141 *et seq.* Pending trial, a defendant's release or detention depends generally upon whether the United States meets its burden of proving that the defendant poses a risk of flight, or a danger to the community. 18 U.S.C. § 3142. The burden of proof changes upon the defendant's conviction, at which time the Court shall order the defendant detained unless the Court finds, by clear and convincing evidence, that the defendant poses neither a risk or flight nor a danger to any person or the community. 18 U.S.C. § 3143(a)(1).

For certain categories of offenses, including the offenses charged here, the burden of proof is more stringent. 18 U.S.C. § 3143(a)(2). In these cases, the Court shall detain a convicted defendant unless it finds a substantial likelihood that a motion for acquittal or new trial will be granted, or if the United States recommends a sentence that does not include imprisonment and the Court finds by clear and convincing evidence that the defendant poses neither a a risk of flight nor a danger to any person or the community. *Id*.

Notwithstanding this standard of proof, however, the Court has the discretion to find that a defendant should be released pending sentencing – or pending appeal – if the Court finds that the defendant has "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The Ninth Circuit has interpreted this provision as a type of safety valve, in which the district court retains "broad discretion" to consider a "wide range of factors" in determining whether a convicted defendant who would otherwise be subject to mandatory detention should be released on bail pending sentencing or appeal. *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).

## II. THERE ARE NO EXCEPTIONAL REASONS FOR BURSCH'S CONTINUED RELEASE

Bursch has failed to offer the Court exceptional reasons to forego his detention pending sentencing. He offers three reasons for his continued release – his lack of a criminal record and ties to the Bay Area, the supposed non-violent nature of his crime, and his interest in continued therapy – but none stand up to close scrutiny.

While it is true that Bursch has no history of prior criminal convictions, he has a long history of breaking the child pornography laws. According to Bursch's own admission, he had been downloading child pornography from peer-to-peer networks for over a decade prior to his arrest. The fact that he had never been caught before 2010 speaks more to recent developments in law enforcement technology than any lack of criminal propensity on Bursch's part. Bursch admitted that his sexual interest in children began at age 14. Bursch did not lead an exemplary lifestyle before his child pornography arrest; he was simply good at hiding his offense.

Bursch also argues that the crime of conviction, possession of child pornography, is only "technically" a crime of violence because in his opinion only the creator of the child pornography, and not the collector, commits the act of violence. This argument fails for two reasons. First, whether Bursch may agree or not, the Bail Reform Act defines possession of child pornography as a crime of violence, and so the Court should follow that definition in applying it. *See* 18 U.S.C. § 3156(a)(4)(C). Second, Bursch cannot insulate him from the violence of the child molestation depicted in his child pornography collection by claiming that he did not cause it. While Bursch may not have touched or filmed the molested children in his collection, he actively downloaded and traded these images through file-sharing networks, thus helping create a market for newer and more images of sexual abuse that by its nature requires the continued recorded molestation of children.

Finally, Bursch should not be entitled to claim that his desire to continue therapy is an "exceptional" reason to delay his detention. The pursuit of therapy is certainly a laudable goal, but Bursch has had almost two years since his 2010 arrest to participate and complete his therapy, and of course he had ample opportunity to seek therapy before his criminal behavior

came to police attention. In seeking a "therapy" exception to mandatory remand under the Bail Reform Act, Bursch asks for a loophole that any criminal defendant could take advantage of simply by signing up for therapy. Bursch is not in the position of, for example, a cancer patient who must undergo life-saving surgery before entering prison. The Court should not allow him to bend this exception to its breaking point by claiming that any sex offender who chooses to engage in therapy post-arrest may continue that therapy until sentencing or later.

## CONCLUSION

For the reasons stated above, the Court should deny Bursch's motion.

DATED: June 25, 2012                     Respectfully submitted,

                                          MELINDA HAAG
                                          United States Attorney

                                                     /s/
                                          _____
                                          OWEN P. MARTIKAN
                                          Assistant United States Attorney