ORIGINAL                                                                                          ORIGINAL

Robert J. Beles Bar No. 41993
Anne C. Beles Bar No. 200276
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorney for Defendant
ALEX EYE BURSCH

United States District Court
Northern District of California
Oakland Courthouse

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>   vs.<br><br>ALEX EYE BURSCH,<br><br>                    Defendant. | No. **4:11-CR-00644-PJH-1**<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR RELEASE PENDING APPEAL<br><br>Date:         November 14, 2012<br>Time:        2:30 p.m.<br>Courtroom:  3, Hon Phyllis J. Hamilton, Judge<br><br>Speedy Trial Act Excludable Time: 18 U.S.C. 3161(h)(1)(F) |

MEMORANDUM IN SUPPORT OF MOTION
TO CONTINUE RELEASE PENDING APPEAL

1. Introduction.

Defendant is expected to been sentenced on November 14, 2012. As defendant's conviction will be for a crime of violence under 18 U.S.C. section 3143(a)(2), defendant's motion for release pending appeal is governed by section 3145(c) rather than 18 U.S.C. section 3143. Section 3145(c) provides:

> "… A person subject to detention pursuant to section 3143(a)(2) … and who meets the conditions of release set forth in section 3143(a)(1) … may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

Since defendant meets the conditions of release under section 3143(a)(1) (a person who

is "not likely to flee or pose a danger to the safety of any other person or the community.") , this court may continue defendant's release pending sentencing or appeal if defendant demonstrates "exceptional reasons" why detention would not be appropriate.

### 2. Defendant should be released pending appeal

#### a. Summary

United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003) is the leading Ninth Circuit case on section 3145(c). In United States v. Garcia, the Ninth Circuit held that section 3145(c) confers "broad discretion in the district court to consider all the particular circumstances of the case before it" in determining whether exceptional reasons exist to continue a defendant's release pending sentencing or appeal based on specific facts concerning the particular defendant. Garcia, id. at 1018. The same factors are considered for both types of release.

Release pending appeal requires the additional showing that defendant will raise a substantial issue on appeal that is likely to result in a reversal, new trial, or reduction in sentence to less than the time that would be served at the end of the appellate process. The Ninth Circuit treats an issue as "substantial" if it is "fairly debatable" or "fairly doubtful," that is, "of more substance than would be necessary to a finding that it was not frivolous." United States v. Garcia, 340 F.3d at 1020. fn. 5, quoting United States v. Handy, 761 F.2d 1279, 1280-83 (9th Cir. 1985); accord, United States v. Smith, 793 F.2d 85, 89 (3rd Cir. 1986). An issue is "likely to result in reversal" if it is of the type that, if granted, would result in reversal. United States v. Garcia, id. at 1020, fn. 5, citing United States v. Handy, 761 F2d at 1280.

In addition, if defendant can show that he has a strong chance of success on appeal, or that the appeal involves a novel issue that has not been decided by the Ninth Circuit, this will be treated as an additional factor favoring release pending appeal. United States v. Garcia, 340 F.3d at 1017-1018, 1020-1021, citing United States v. Hill, 827 F. Supp. 1354, 1356-58 (W.D. Tenn. 1993).

#### a. Factors relating to defendant.

The factors previously discussed in defendant's motion for release pending sentencing are

also reasons for continuing release pending appeal.

The Ninth Circuit suggesting the following factors, any one of which might qualify, but placed "no limit on the range of matters the district court may consider."

- Defendant's criminal conduct was aberrational.

- Defendant led an exemplary life prior to his offense.

- The nature of the violent act itself, so that the act is "sufficiently dissimilar" to the typical crime of violence to warrant a finding of exceptional reasons. Examples given by the court are an act that "did not involve any specific intent", "did not involve any threat or injury to persons", or was otherwise "highly unusual", such as a mercy killing.

- Circumstances that would render the hardships of prison unusually harsh for a particular defendant, such as a serious illness or injury.

- Defendant is "exceptionally unlikely to flee or to constitute a danger to the community."

United States v. Garcia, 340 F.3d at 1019-1021. [1]

Defendant has no criminal record and has lead a responsible life as a member of his community. He has strong ties to the Bay Area and is thus unlikely to flee. Any danger to the community is presently being adequately addressed by his conditions of release. Moreover, as will be discussed below, defendant has a strong issue on appeal and thus additional incentive not to flee.

The subject of defendant's conviction, possession of child pornography, is technically classified as a crime of violence, but the "violence" involved is remote and is committed by the persons who created the pornography. Defendant's crime did not involve his own use of force against any person and there is no evidence that he ever acted improperly towards any minors. His conviction is simply for possessing the illicit material. His conviction is thus dissimilar to the typical crime of violence that involves personal use of force on another.

Defendant is presently in weekly therapy at Crossroads Psychotherapy Institute, 3496 Buskirk Ave Pleasant Hill, CA 94523, tel. (925) 942-0733 connected with this offense. His therapist is Sue Scoff. Defendant has continued in therapy pending sentencing.

---

[1] Garcia discussed a few other factors that are not applicable here.

Specific sex offender programs are only available at Butner FCI located in North Carolina. However, some institutions have, what is known as, "containment therapy." Defendant will request an institution near the Bay area so that his parents can visit him. Thus, treatment may be unavailable in federal prison.

### b. Presence of a substantial issue on appeal that, if decided favorably, would result in reversal.

Defendant intends to raise substantial issues on appeal that if decided favorably to him, would result in reversal. The issues are discussed more fully in the following section. These issues concern whether the court should have suppressed the evidence in his case with a minor related issue of whether the court should have held an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 at 163-164 (1978) and United States v. DeLeon, 979 F.2d 761, 764 (9th Cir. 1992) because of false information that was recklessly or intentionally included in the search warrant affidavit. A favorable ruling on the suppression issue would result in a reversal and dismissal because there would be no evidence left to support a prosecution. A favorable ruling on the Franks issue would result in further proceedings similar to a new trial. The discussion in the following section also shows that these issues are ""fairly debatable" and thus substantial

### c. Presence of strong or novel issues on appeal

As discussed above, defendant need not show an actual chance of success on appeal to obtain release pending appeal under section 3145(c). He need only show that he has substantial issues that would result in a reversal or new trial if ruled favorably on and the presence of section 3145(c) factors as discussed in Garcia.

If defendant can show, in addition, that he is likely to succeed on appeal, this may be treated as an additional reason for granting release on appeal. United States v. Garcia, 340 F.3d at 1018, 1020, citing United States v. Hill, 827 F. Supp. 1354, 1356-58 (W.D. Tenn. 1993). In addition, if defendant can show that he will raise a substantial, novel issue that has not been previously decided by the appellate court, this also may be considered an additional reason justifying release pending appeal. United States v. Garcia, 340 F.3d at 1017, 1020-1021, citing

July 26, 1989 Department of Justice letter from Assistant Attorney General Carol T. Crawford to Senator Paul Simon, the bill's sponsor, discussed in United States v. DiSomma, 951 F.2d 494, 497 (2nd Cir. 1991), the letter mentioning the presence of "a novel and difficult search or seizure question on which the conviction will stand or fall" as a possible exceptional reason for release pending sentencing and appeal. [2]

Defendant intends to raise issues on appeal that are likely to succeed, based on existing Ninth Circuit law, and a substantial novel issue that should be addressed by the Ninth Circuit.

As this court is aware, the search warrant affidavit stated, as its basis for probable cause, that an out-of-county detective other than the affiant had downloaded two files containing child pornography from defendant's computer using a file sharing program. However, the affidavit stated only that the detective had "determined that they both contained child pornography as defined in the California Penal Code, §311.11, a felony" and provided no other description of the alleged pornography. The only other information was the affiant's opinion that the detective was "a reliable source of information" without specifying any basis for the opinion, such as the accuracy of previous information supplied by the detective. This type of affidavit falls within published Ninth Circuit authority holding that a conclusory description of suspected child pornography as "child pornography," without more, does not constitute probable cause to support a search warrant. United States v. Battershell, 457 F.3d 1048, 1051 (9th Cir. 2006), citing United States v. Brunette, 256 F.3d 14, 17 (1st Cir. 2001), (holding that a mere description of the alleged child pornography as a "lascivious display" of genitals amounted to a "bare legal assertion" that would not constitute probable cause that a magistrate could independently review. Brunette noted that a magistrate cannot conduct the required independent review of the information offered in support of a search warrant for obscenity or child pornography "without

---

[2] The 1989 Department of Justice letter was written in response to an inquiry by Senator Simon concerning an earlier version of the bill that allowed for no exceptions. The Department of Justice responded that the bill went too far and that exceptions were needed for defendants who were not dangerous or a risk of flight, and who raised a substantial issue on appeal. Garcia quotes this letter in full at p. 1018, fn. 4.

either a look at the allegedly pornographic images, or at least an assessment based on a detailed, factual description of them." United States v. Brunette, 256 F.3d at 18, emphasis added, citing New York v. P. J. Video, Inc., 475 U.S. 868, 874 n. 5, 106 S. Ct. 1610, 89 L. Ed. 2d 871 (1986).        This court relied on United States v. Krupa, 658 F.3d 1174 (9th Cir. 2011) in denying the suppression motion, but Krupa was a split decision in which the bare description of the alleged child pornography was accompanied by a large number of other suspicious factors described in the affidavit, in particular, that defendant had been caring for the small children of another individual while that individual was out of the country, and the presence of a large number of computers at the location. United States v. Krupa, 658 F.3d at 1178. [3] There were no additional suspicious factors here and thus this case falls directly under the controlling Battershell case.

Krupa and Battershell are the only relevant decisions of the Ninth Circuit here. The government relied on United States v. Borowy, 595 F.3d 1045, 1049 (9th Cir. 2010), but this case concerned only the cause necessary to conduct a warrantless download of a file using a file sharing program, and also remarked that the downloading of the files was not even a search because the defendant had made them publicly available through his use of a file sharing program. United States v. Borowy, 595 F.3d at 1047-1048. It is unlikely that the Ninth Circuit would give this case any weight because it is so different from the warrant search here.

The issue of lack of probable cause is thus a strong issue on appeal.

In addition, the suppression motion presented a "a novel and difficult search or seizure

---

[3] Military police had received a call from the ex-wife of a sergeant stating that she was worried because her ten-year-old daughter and five-year-old son, who were living on the base with her ex-husband, had not arrived at the train station for previously arranged visitation. The police had gone to the sergeant's on-base housing and found only defendant, a civilian, present. Defendant told the military police that he was taking care of the children while the sergeant was in the Philippines and showed the police a note to that effect. The home was in complete disarray with clothing strewn on the floor and in the hall. The military police found 13 computer towers and two laptops in the home and initially obtained defendant's consent to examine some of the computers. The affiant, a forensic computer analyst, found an image of suspected child pornography, which he described as a "nude 15- to 17-year-old female with a website label of 'www.nude-teens.com'." Defendant revoked his consent the next day and the affiant obtained a search warrant to complete his examination of the computers.

6
Memorandum in Support of Motion for Release Pending Appeal

question on which the conviction will stand or fall." This was the failure of the primary affiant to sign the warrant affidavit or to be sworn under oath before the magistrate. Under the controlling Ninth Circuit authority of United States v. Thai Tung Luong, 470 F.3d 898, 905 (9th Cir. 2006), information set forth only in unsworn statements of an investigating officer can neither be considered as part of the probable cause to support a warrant nor relied on in good faith to support a search under an otherwise inadequate affidavit. Luong briefly refers to the Warrant Clause of the Fourth Amendment, which contains several specific requirements for issuance of a warrant: "probable cause", based on a statement sworn upon "oath or affirmation" before a magistrate, that "particularly describes the place to be searched and the items to be seized.

In Groh v. Ramirez, 540 U.S. 551, 557, 124 S. Ct. 1284, 1298-90 (2004), the Supreme Court held that the Warrant Clause must be strictly complied with and held that a warrant that did not describe the items to be seized was invalid and void. Previously, the Supreme Court had alluded to the Warrant Clause in Nathanson v. United States, 290 U.S. 41, 47, 54 S. Ct. 11; 78 L. Ed. 159 (1933), stating that "where a warrant is issued unsupported by oath or affirmation, it is invalid under the Fourth Amendment., See also Albrecht v. United States, 273 U.S. 1, 4-6, 71 L. Ed. 505, 47 S. Ct. 250 (1927) (holding an arrest warrant invalid because it was issued based upon affidavits which had been sworn to before an official "not authorized to administer oaths in federal criminal proceedings.")

However, there have been very few Warrant Clause cases in the Ninth Circuit since Groh v Ramirez was decided. United States v. Vargas-Amaya, 389 F.3d 901, 904 (9th Cir. 2004) rel,ied on Groh in holding that a warrant affidavit unsupported by oath or affirmation would be invalid under the Warrant Clause, but concerned the construction of a statute allowing issuance of bench warrants for violation of federal probation rather than the Fourth Amendment directly. Luong, as mentioned, briefly mentioned the "oath or affirmation" requirement of the Warrant Clause without extensive discussion and without citing Groh. United States v. Evans, 469 F. Supp. 2d 893 (D. MT. 2009), however, relied on Groh v. Ramirez to invalidate a warrant

for non-compliance with the Warrant Clause where the warrant had not been signed by the magistrate and did not contain any other indication that the warrant had been officially issued by a magistrate, like a file stamp or court number.

This case is somewhat different from Luong because a secondary affiant reviewed and signed the affidavit.  However, the secondary affiant simply provided an explanation for why the warrant was being sought, advising the magistrate that the same warrant had previously been issued by another magistrate, but had expired. The government argued that the secondary affiant could be treated as a "co-affiant" who had also sworn to the accuracy of the primary affiant's statement of probable cause, but there was no indication that the secondary affiant had personal knowledge of the primary affiant's investigation, or statement by the secondary affiant incorporating the statement of probable cause as reliable hearsay.

This court considered this defect a "close call." (Transcript, March 28, 2012 hearing, p. 21 line 1.)  Thus, petitioner has demonstrated the presence of a strong issue on appeal that is also a novel search and seizure issue that has not been previously addressed by the Ninth Circuit, an additional reason for granting release pending appeal.

Additional issues are also present, such as the inclusion of inaccurate information in the affidavit about the address to be searched, inaccurately stating that the primary affiant had been sworn, and implying that a previous warrant had been issued by a different judge based on the same affidavit when the earlier affidavit had been signed by both affiants rather than just the secondary affiant.  Inclusion of false information in a search warrant affidavit is grounds for relief under Franks v. Delaware, 438 U.S. 154 at 163-164 (1978) and United States v. DeLeon, 979 F.2d 761, 764 (9th Cir. 1992.) The court regarded these defects as showing "sloppiness on the part of the officers" but finding that the sloppiness was due to carelessness rather than a reckless or intentional inclusion of inaccurate statements. (Transcript, May 16, 2012, page 14, lines 24-25, page 15, lines 8-12.) The court, however, did not conduct an evidentiary hearing that might have supported such a finding.  Under controlling Ninth Circuit authority, defendant need only show that a "reasonable jurist" could find reckless or intentional falsity. See Chism

v. Washington, 661 F.3d 380, 388 (9th Cir. 2011). A reasonable jurist could find that the "sloppiness" was reckless because it was so obvious that the secondary affiant would have known the affidavit contained inaccurate statements. Thus, defendant has presented a likelihood that the Ninth Circuit could reverse because of the court's failure to hold an evidentiary hearing under Franks and DeLeon.

### 3. Conclusion

This court should continue defendant's release pending appeal, because of the presence of Garcia factors and because defendant intends to appeal and has shown that he will raise issues on appeal that have a likelihood of success, and substantial novel issues that the Ninth Circuit has not yet decided.

Dated: Oakland, California, November 9, 2012

                                                          s/ACB
                                        Anne C. Beles
                                        Attorney for Defendant